**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| OPTICOMP CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:10-cv-00775-RCJ-RAM |
| vs. | ) | |
| | ) | |
| SCOTTSDALE INDEMNITY CO., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case arises out of the failure of an insurance company to defend its insured against a criminal investigation by the Defense Criminal Investigative Service ("DCIS"), Air Force Office of Special Investigations ("AFOSI"), and other agencies. Pending before the court is a Motion to Remand (ECF No. 7). For the reasons given herein, the Court denies the motion.

## I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Opticomp Corp. alleges it is under investigation by several federal agencies, and that Defendant Scottsdale Indemnity Co. ("Scottsdale") has failed to defend it despite the existence of an insurance policy that covers such a defense. Plaintiff sued Defendant in state court on seven causes of action: (1) Breach of Contract; (2) Bad Faith; (3) Unfair Claims Practices; (4) Fraud; (5) Negligence; (6) Breach of Fiduciary Duty; and (7) Intentional Interference with Contractual Relations. (*See* Compl., Nov. 12, 2010, ECF No. 1, at 8). Defendant removed based on diversity jurisdiction, noting that Plaintiff demanded that

1  Defendant pay $104,056.26 in legal fees and costs, which was $69,801.25 more than Defendant
2  agreed to pay, that Plaintiff has additionally prayed for punitive damages, and that the alleged
3  compensatory damages themselves have continued to increase in the meantime. (*See* Notice of
4  Removal 1–3, Dec. 14, 2010, ECF No. 1).  Plaintiff has moved to remand for lack of subject
5  matter jurisdiction, arguing that the amount-in-controversy requirement is not satisfied.

## II.   LEGAL STANDARDS

Federal district courts have jurisdiction over removed state court actions in cases where they would have had original jurisdiction. 28 U.S.C. § 1441(a).  Federal courts have original "diversity" jurisdiction in cases where the parties are completely diverse and the amount in controversy exceeds $75,000. § 1332(a).  In original jurisdiction cases, a bare claim for more than $75,000 is sufficient to satisfy the jurisdictional amount, unless it appears "legally certain" that the amount in dispute is less. *E.g.*, *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).  However, in removal cases:

> where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75,000]. Under this burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount.

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Where a complaint is unclear as to the total amount of damages sought, but alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007).

## III.  ANALYSIS

Here, Plaintiff alleges in the Complaint only that damages under each claim exceed $10,000.  This is not because Plaintiff claims only slightly more than $10,000, but rather because Nevada's pleading rules require a statement to this effect in order to invoke the general

1  jurisdiction of the state district court and avoid the special jurisdiction of the justice court.  But
2  Plaintiff in reality seeks much higher damages.  Defendant has adduced charts containing a
3  summary of the costs of Plaintiff's defense, totaling over $100,000. (*See* Overview, ECF No. 12-
4  4, at 6).  Moreover, the amounts are supported by invoices from Arnold & Porter LLP to
5  Opticomp, listing $48,321.25 of legal services rendered in April 2010, (*see* Invoice, May 17,
6  2010, ECF No. 12-4, at 11), $12,771.25 of legal services rendered in May 2010, (*see* Invoice,
7  June 16, 2010, ECF No. 12-4, at 17), and a total bill of $61,112.22 due as of June 14, 2010, (*see*
8  Statement, June 14, 2010, ECF No. 12-4, at 23).  An additional $6091.25 of legal services were
9  rendered in June 2010, (*see* Invoice, July 20, 2010, ECF No. 12-4, at 24), and $11,247.50 of
10 legal services were rendered in July 2010, (*see* Invoice, Aug. 17, 2010, ECF No. 12-4, at 30).
11 Professional fees and expenses from another firm were billed to Opticomp for services rendered
12 in May 2010 in a total amount of $25,601.77. (*See* Invoice, June 7, 2010, ECF No. 12-4, at 37).
13 This totals approximately $104,000.  Therefore, even if Defendant's own admission that enough
14 of this has been paid to reduce compensatory damages sought to approximately $69,000—and
15 neither party adduces such evidence—the amount in controversy almost certainly still exceeds
16 $75,000 when punitive damages totaling even a small fraction of the compensatory damages are
17 considered.  Plaintiff argues that Defendant has failed to prove punitive damages with any
18 evidence.  But Plaintiff's own prayer for punitive damages is enough if the amount it could
19 receive would bring the case within the Court's jurisdiction.  A defendant need not provide
20 evidence of its own bad faith in order to prove jurisdiction, which is what Plaintiff seems to
21 demand.  Defendant has shown by a preponderance of the evidence that the amount in
22 controversy exceeds $75,000, because presuming liability for the punitive damages Plaintiff has
23 requested, those damages more likely than not exceed $6000.
24     At oral argument, Plaintiff argued that compensatory damages were not in fact accruing
25 and that no exemplary cases indicated what level of punitive damages were available here.  But

1 even assuming compensatory damages are not accruing, significant punitive damages are
2 available based on an insurer's bad faith.  For example, in *Albert H. Wohlers & Co. v. Bartgis*,
3 969 P.2d 949 (Nev. 1998), the Nevada Supreme Court approved punitive damages against an
4 insurer of $3.75 million based on compensatory damages of less than $300,000. *Id.* at 952, 962
5 (reducing a jury award of $7.5 million).  The Court has also approved punitive damages of $5
6 million based on compensatory damages of $410, 000 in a bad faith insurance case. *Republic Ins*
7 *Co. v. Hires*, 810 P.2d 790, 792–93 (Nev. 1991) (reducing a jury award of $22.5 million).
8 Plaintiff here could easily obtain punitive damages of over $6000 based on compensatory
9 damages of over $69,000.  Although the cases cited did not involve "director and officer" or
10 "D&O" insurance policies, the punitive damages awards in those cases were based on the same
11 species of bad behavior that the Defendant in the present case allegedly engaged in: the willful
12 failure of an insurer to honor a policy.  It is therefore clear that significant punitive damages may
13 be available in this case if the Defendant is liable for bad faith.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 7) is DENIED.

IT IS SO ORDERED.

Dated this 25th day of April, 2011.

_____
ROBERT C. JONES
United States District Judge